Rueein, Judge.
 

 The plaintiff was nonsuited, because “he was not the
 
 true
 
 administrator” of
 
 Jeremiah, Gibbs ;
 
 and it has been argued here, as if that was the only point in the case, end as if it depended on the validity of the previous administration granted to
 
 Stephen.
 
 Such would have been the case, had issue been taken on Are plaintiff’s character by plea in abatement, ordemus*
 
 *81
 
 rer, instead of the defendant pleading in bar. Where indeed an administrator sues on his own possession, he does not make
 
 profert
 
 of his letters, but shows them on the trial as his title. Their validity may then he disputed. because that is the first opportunity of contesting them given to the defendant. But tiiis suit is brought by the administrator in that character, and is revived by the administrator
 
 de bonis non ;
 
 and must be taken to be on the intestate’s possession. The plea of
 
 non deiinet
 
 admits the administration, and that it was duly taken. It can never afterwards be brought into dispute in that action. This goes to the character of
 
 Wm. B Gibbs
 
 who brought the suit. But the same principle applies equally to the character of the present
 
 plaintiff;
 
 who is made a party under the act of 1824. It is true, that when a plaintiff (lies, no process is necessary to make his representative a party
 
 j
 
 nor is any plea given to the defendant to put the administration in issue. The party is admitted on motion. He must then show his right, and the defendant, who is kept in court two terms, must then state his objections. When the administrator is once made a party, the defend ant is concluded.
 
 (Anonymous
 
 1
 
 Hay. 455, McNair
 
 v.
 
 Ragland
 
 1
 
 Deveraux' Equity Cases
 
 533.) If indeed the court has been sur-prized or deceived, the power, not less than the disposition, exists to correct it. But it cannot be done by a nonsuit on the trial of an issue in bar. A motion, founded on a proper case, brings it directly before the court. And here there seems to be no ground for it; because there seems to be no dispute about the issuing of the letters to
 
 Spencer,
 
 founded on those admitted by the plea to have been granted to
 
 William B. Gibbs,
 
 who instituted the suit which, I repeat, must here be taken to have been on a detention from the first intestate.
 

 Where an administrator seeks to revive a suit commenced by his intestate, the defendant may,' by motion, put the administration in issue.
 

 It cannot limy-ever,be impeach, ed as a ground of nonsuit at the trial.
 

 But where the defendant claims title by a grant of administration, previous to that of the plaintiff, or relies or his possession.
 
 *82
 
 against the first administrator.lie geiferal1"1 issue,1C prove the first nistration
 
 *be
 
 cause this is in plaintiff’s title,
 

 
 *81
 
 If indeed the question was upon the title of the defendant, as being derived from
 
 Stephen
 
 or as being good under the act of 1820 (Rev, c. 1055) by reason of an adverse possession without suit by
 
 Stephen,
 
 then the validity of the administration of
 
 Stephen
 
 would be a material question. And this would certainly be a cowpe-
 
 *82
 
 tent inquiry, so far as it did not conflict with the admis» sion of the plaintiff’s character stated in the declaration, and admitted by the plea in bar — namely, that he was t]uiy administrator at the bringing of the suit, or when he became a party. If. the defendant could show a previous administrator, though he was irregularly appointed, an'd though for that cause, his letters had been repealed, under whom the defendant claimed by purchase ; or* against whom he held while he could sue ; that would be admissible. For this is not a denial of the plaintiff’s character; but admitting it, shows a distinct bar. Such however does not appear to he the case
 
 here;
 
 for no con-nexion is stated between the defendant and Stephen, nor any possession against him. The only question seems to have been upon the validity of the plaintiff’s letters; which were taken to be invalid, because others had been granted to
 
 Stephen Gibbs.
 
 That was a point, into which the defendant had precluded himself from inquiring— The nonsuit must be set aside, and a new trial granted.
 

 Per Curiam. — Judgment reversed.